IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79309-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN CHRISTOPHER OLTMAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Prior conduct evidence must be relevant to the crime charged to be admissible under ER 404(b). When charged with the possession of methamphetamine with intent to manufacture or deliver, evidence of the current production of a large quantity of marijuana, together with packaging materials adjacent to a scale with traces of methamphetamine and marijuana, is relevant to the intent to manufacture or deliver. Although the State did not charge Brian Oltman for illegally manufacturing or delivering marijuana, the trial court's admission of the marijuana grow operation in his home was not precluded by ER 404(b).

Oltman argues the prosecutor committed misconduct during his closing argument by using evidence of the marijuana grow operation to argue Oltman had a larger plan to manufacture and distribute a variety of drugs. Because a

prosecutor has wide latitude to make arguments from the evidence and the argument stayed within the scope of the trial court's decision to admit evidence of the grow operation, Oltman fails to show any misconduct.

Therefore, we affirm.

### FACTS

The police conducted a drug raid on Oltman's split-level house in southeast Everett in May of 2016.  On the upper level, officers found "a little bit" of crystalline methamphetamine in the master bedroom.[1]  Three used pipes for methamphetamine were in the master bathroom.  They found a 16 gram bag of methamphetamine inside Oltman's office with a likely street value of $640.  The office also contained a digital scale that tested positive for traces of methamphetamine, heroin, and marijuana.  There were clean, empty baggies near the scale.  On the lower level, officers found a marijuana grow operation.  The State charged Oltman with one count of possession of methamphetamine with the intent to manufacture or deliver.

Pretrial, Oltman moved to exclude evidence of the grow operation and of electricity theft. The court denied the motion for the grow operation, reasoning it was allowed under ER 404(b) as relevant evidence of a "larger enterprise," and granted the motion for electricity theft.[2]  The jury found Oltman guilty on the single

---

[1] Report of Proceedings RP (Oct. 31, 2018) at 207, 279 (drug lab technician testimony confirming the powder found was meth).

[2] Id. at 139.

charge of possession of methamphetamine with the intent to manufacture or deliver.

Oltman appeals.

ANALYSIS

Oltman argues retrial is required because he was prejudiced by the trial court's admission of testimony and photos of the marijuana grow operation. We review a trial court's interpretation of an evidentiary rule de novo.[3] If the trial court interpreted the rule correctly, we review its decision to admit or exclude evidence for abuse of discretion.[4]

"ER 404(b) is a categorical bar to admission of evidence for the purpose of proving a person's character and showing that the person acted in conformity with that character."[5] But character evidence can be admitted for any number of proper purposes, such as showing the existence of a common scheme or plan or as intent evidence.[6] To admit character evidence, the trial court must

> "(1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to

---

[3] State v. Gresham, 173 Wn.2d 405, 419, 269 P.3d 207 (2012) (quoting State v. Foxhoven, 161 Wn.2d 168, 174, 163 P.3d 786 (2007)).

[4] Id.

[5] Id. at 420.

[6] Id. at 421; State v. Dillon, ___ Wn. App. 2d ___, 456 P.3d 1199, 1207 (2020).

prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect."[7]

Oltman does not dispute that he had a marijuana grow operation in his house.

The State offered the evidence "to show that a drug distribution operation was occurring within the home" because "it goes part and parcel [ ] with the drug distribution operation that the substances found in the home are also found on attendant paraphernalia that are used to distribute those substances" such as the scale.[8] The court reasoned Oltman's general plan was the "delivery of substances of . . . a chemical nature"[9] and admitted the marijuana grow operation evidence because it allowed an inference Oltman was running "a larger enterprise" and intended to distribute various controlled substances, including methamphetamine.[10]

A court may admit evidence of other acts under ER 404(b) as proof of intent. The evidence must be relevant to the crime charged. It may not be admitted "simply to prove the character of the accused in order to show that he or she acted in conformity with it."[11]

---

[7] State v. Sage, 1 Wn. App. 2d 685, 699, 407 P.3d 359 (2017) (quoting Gresham, 173 Wn.2d at 421).

[8] RP (Oct. 31, 2018) at 136, 137.

[9] Id. at 138.

[10] Id. at 139.

[11] State v. Thomas, 68 Wn. App. 268, 273, 843 P.2d 540 (1992).

In State v. Thomas, this court upheld the conviction of Thomas for possession of cocaine with intent to manufacture or deliver.[12]  The trial court admitted evidence of three apparent drug sales by Thomas witnessed by police officers outside a restaurant before they arrested him inside the restaurant.  This court recognized that the three apparent drug sales "logically relate[d] directly to the material issue of what Thomas intended to do with the cocaine he possessed when he was arrested."[13]  Because the evidence was highly probative of what Thomas intended to do with the cocaine and its probative value greatly outweighed the prejudicial effect, the trial court properly admitted the evidence consistent with ER 404(b).[14]

Here, the intent of Oltman to package and distribute the $640 worth of methamphetamine in his possession was in dispute.  The scales and the clean, empty baggies next to it were relevant to his intent by showing he owned and used the tools to divide larger quantities of drugs into measured amounts.  Evidence of Oltman's intent to manufacture or distribute one controlled substance in his possession, marijuana, logically related to his intent to distribute the other controlled substance in his possession.  On the record before us, the marijuana grow operation was relevant to Oltman's intent to carry out the manufacture and/or

---

[12] 68 Wn. App. 268, 843 P.2d 540 (1992).

[13] Id. at 273.

[14] Id. at 274.

distribution of controlled substances. The court did not err by concluding ER 404(b) allowed admission of the grow operation evidence.

Oltman argues the State did not prove the marijuana grow operation was illegal and so was more prejudicial than probative. But a past act does not need to have been illegal to be admissible as evidence of intent under ER 404(b).[15] As the State contends, Oltman's "intent to deliver or manufacture marijuana was interrelated and co-occurring with evidence of his plan to deliver marijuana."[16] This connection is particularly probative of his intent because the scale used to weigh methamphetamine and divide it into smaller quantities was also used to weigh marijuana, which is a controlled substance regardless of its legality. The marijuana grow operation evidence was prejudicial, but "unfair prejudice," not mere prejudice, is the standard for exclusion.[17] As discussed, the marijuana grow operation and the drug-tainted scale were part of the relevant circumstances. The circumstances showed a direct link between the methamphetamine and marijuana. The jury could infer Oltman's intent "'as a logical probability from all the facts and circumstances.'"[18] The grow operation evidence was more probative of

---

[15] See State v. Johnson, 159 Wn. App. 766, 773, 247 P.3d 11 (2011) (concluding ER 404(b) allowed as intent evidence a receipt showing a defendant's sale of 150 pounds of copper wire from the day before he was arrested for allegedly stealing copper wire).

[16] Resp't's Br. at 6.

[17] ER 403.

[18] State v. Yarbrough, 151 Wn. App. 66, 87, 210 P.3d 1029 (2009) (quoting State v. Wilson, 125 Wn.2d 212, 217, 883 P.2d 320 (1994)).

Oltman's intent to manufacture and distribute controlled substances than it was prejudicial. The court did not abuse its discretion by admitting evidence of the grow operation.

Oltman contends the prosecutor engaged in misconduct by arguing in closing that the existence of the marijuana grow operation demonstrated his intent to manufacture or distribute methamphetamine.

Oltman must demonstrate the prosecutor's closing argument was both improper and prejudicial.[19] A prosecutor has "wide latitude" during closing argument to argue reasonable inferences from the evidence.[20] We review allegedly improper arguments in the circumstances of the entire trial.[21]

Oltman relies on State v. Fisher.[22] In Fisher, a stepfather was on trial for sexually abusing his stepdaughter. The trial court properly allowed evidence of the stepfather's history of physically abusing his children but only for a limited purpose and only then if the defense opened the door for it.[23] But the prosecutor brought up the history of physical abuse both in his opening argument and repeatedly in his case in chief, violating the court's ruling and depriving the defendant of the decision on whether to open the door to that evidence.[24] And

---

[19] State v. Fisher, 165 Wn.2d 727, 747, 202 P.3d 937 (2009).

[20] Id.

[21] Id.

[22] 165 Wn.2d 727, 733, 202 P.3d 937 (2009).

[23] Id. at 734, 736.

[24] Id. at 734-35, 747-48.

during closing, the prosecutor again violated the court's ruling by urging the jury to rely on the defendant's history of physical abuse to conclude he committed sexual abuse.[25]  Because the prosecutor repeatedly violated the court's pretrial ruling and those violations introduced highly prejudicial evidence, the court ordered a retrial.[26]

Here, the prosecutor's closing argument stayed within the scope of the court's pretrial ruling allowing the State to introduce testimony and photos of the grow operation and evidence about the marijuana on the scale.  It prohibited pictures of "marijuana-related paraphernalia" only.[27]  In closing, the prosecutor argued:

> It is not a large, logical leap that a person who is conducting a drug-trafficking business is doing so out of his office.  It is also not a large, logical leap that while doing so he is keeping his drug-dealing supplies nearby.  It's also not a large, logical leap—and this is going back to the marijuana grow [operation]—that he may be dealing in multiple controlled substances.  The digital scale was covered in residue of two other drugs besides methamphetamine.  Heroin.  No heroin was found in the house.  And marijuana.  Plenty of marijuana was found in the house.  Now, while the State is not asking you to convict him of distributing or possessing with intent to distribute marijuana or heroin, it is certainly indicative of a drug-dealing operation occurring in that home.[28]

Unlike Fisher, the prosecutor here made arguments within the scope of the court's pretrial ruling.  Although the prosecutor used the marijuana grow operation to argue Oltman was distributing more than methamphetamine, the argument was a

---

[25] Id. at 747-48.

[26] Id. at 749.

[27] RP (Oct. 31, 2018) at 139.

[28] RP (Nov. 1, 2018) at 306-07.

logical inference permitted by the evidence properly admitted by the trial court. Because the prosecutor did not engage in misconduct by making arguments within the scope of the court's ruling, Oltman fails to demonstrate prosecutorial misconduct occurred.

Therefore, we affirm.

_____
Verellen, J.

WE CONCUR:

_____  _____
Andrus, A.C.J.                          Smith, J.